UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| ANGELA MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>WYETH, f/k/a American Home Products Corp., et al.,<br><br>Defendants. | No. 1:05-CV-00323 |

**WYETH'S REPLY IN FURTHER SUPPORT OF MOTION
TO EXCLUDE OR LIMIT THE TESTIMONY OF KEITH ALTMAN**

Wyeth sought to preclude Keith Altman from offering certain opinions about Wyeth's internal computer systems and paper files relating to adverse events ("ADEs") and Case Reports to suggest generally that: (1) Pondimin causes PPH and a separate condition, valvular heart disease ("VHD"), (2) Wyeth had notice of an association between Pondimin and PPH, and (3) Wyeth had notice of an association between Pondimin and VHD.[1] Even though he was identified as an expert and served an "expert report," see Ex. A to Pl's Resp., at 1 ("This letter constitutes *my expert opinion and report* with regard to Angela Montgomery.") (emphasis added), plaintiff responds that Mr. Altman apparently now is not being offered as an expert at all. Pl's Resp. at 1. Plaintiff concedes that Mr. Altman will not testify as an expert with regard to any matter before the Court. As such, the Court should grant Wyeth's motion and strictly

---

[1] The debate as to whether VHD evidence has a proper place in this case has been conducted elsewhere and Wyeth will not reiterate its arguments here. However, Wyeth reserves the right to seek to exclude any of Mr. Altman's summaries that include VHD references.

enforce it in order to avoid plaintiff from attempting to elicit any expert opinion from Mr. Altman related to the challenged testimony discussed in Wyeth's opening brief.

Despite plaintiff's new contention, Mr. Altman is also not a fact witness and should not be able to testify before the jury in any capacity. Mr. Altman, as a computer technician and plaintiff's law firm employee,[2] has no personal knowledge about any of the underlying data or facts for the summary documents plaintiff would have him discuss in front of a jury. As a paid consultant to various plaintiff's counsel, Mr. Altman created summary charts based on information from documents, databases, and testimony produced in discovery. Under no legitimate interpretation of the Federal Rules of Evidence does this work make Mr. Altman a "fact witness." Although Fed. R. Evid. 703 permits *experts* to offer opinions based on evidence they review, *non-experts* may not testify based on their review of documents or testimony. Rather, Fed. R. Evid. 602 does not permit a non-expert to testify "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." This insistence on percipient knowledge of the facts to be a fact witness is a longstanding principle of American jurisprudence: "'[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact' is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.'" Fed. R. Evid. 602. Adv. Comm.. Note (citing McCormick on Evidence § 10, p. 19). If plaintiff's expanded definition of a fact witness were correct, then every lawyer, paralegal, or secretary who reviews documents produced in discovery

---

[2] Plaintiff has now disclosed that Mr. Altman, despite numerous representations and sworn statements to the contrary, has no degree past high school. Compare Pl's Ex. B. at 1 to Ex. C. ¶ 21

and every newspaper reporter and student who hears testimony in court would be a fact witness to the subject of the documents or testimony.

As neither an expert nor a true fact witness, Mr. Altman's role is thus limited to that of a foundational witness in a Rule 104 hearing outside the jury's presence—the role Wyeth identified for him in its motion. By the time of such a hearing, what the issues to be tried are and how any of Mr. Altman's charts might be relevant to any of those issues should be much clearer.[3] Whether plaintiff can carry her burden of laying the foundation for the admission of any of these charts will then be decided.[4] Further, plaintiff has now conceded that Mr. Altman has no role in explaining these charts to the jury, a role reserved solely for experts—which he is not. Accordingly, Wyeth's motion should be granted in its entirety.

---

[3] Plaintiff's insistence that compilations of ADEs can be used to established causation is both inconsistent with the law and irrelevant to whether Mr. Altman is competent to testify at all. See, e.g., Conde v. Velsicol Chem. Corp., 804 F. Supp. 972, 1013 (S. D. Ohio 1992); Glastetter v. Novartis Pharms. Corp., 252 F.3d 986, 989-90 (8th Cir. 2001). Nor does plaintiff's criticisms of the Pondimin labeling before plaintiff was ever prescribed Pondimin make Mr. Altman's testimony admissible. Pl's Resp. at 4 n.2 & 3

[4] Plaintiff states that Wyeth stipulated to the accuracy of certain aspects of Mr. Altman's summaries in another case. Pl's Resp. at 2. The stipulation from another case—which preserved Wyeth's ability to challenge the admissibility of the carts on other grounds and did not touch on whether Mr. Altman could testify in any capacity—has nothing to do with the motion here.

Respectfully submitted,

WYETH and
WYETH PHARMACEUTICALS, INC.,

By their attorneys,

/s/ Samuel L. Felker
Samuel L. Felker
Bass, Berry & Sims
315 Deaderick Street
Suite 2700
Nashville, TN 37238-0002

Michael T. Scott
Eric L. Alexander
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Dated: January 14, 2008

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2008, I electronically served a copy of Wyeth's Reply in Further Support of Motion to Exclude or Limit the Testimony of Keith Altman to the following:

> Gregory F. Coleman
> Coleman & Edwards
> 4800 Old Kingston Pike
> Suite 120
> Knoxville, TN 37919
>
> Gregory J. Bubalo
> Bubalo, Hiestand & Rotman, PLC
> 401 South Fourth Street
> Suite 800
> Louisville, KY 40202

                /s/ Samuel L. Felker
                Samuel L. Felker